UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SOUTHERN ELECTRICAL RETIREMENT FUND, | ) ) ) Civil Action No. |
| Plaintiff, | ) ) |
| v. | ) ) |
| CHRISTINA GRUEL, and CAMRYN ELIZABETH LAWHORNE, | ) ) ) |
| Defendants. | ) |

## COMPLAINT

1. Southern Electrical Retirement Fund (SERF) brings this interpleader and declaratory action pursuant to Fed.R.Civ. P. 22 and 57, as well as 28 U.S.C. § 2201 and 29 U.S.C. § 1132(a)(3), against Christina Gruel and Camryn Elizabeth Lawhorne for a judicial determination of their possible entitlement to a sum of money in possession of SERF.

2. SERF is an employee pension benefit plan that as that term is defined in ERISA at 29 U.S.C. § 1002(1). SERF is operated in compliance with ERISA, 29 U.S.C. §§ 101, *et seq.*, and is administered in this judicial district.

3. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 1337(a) and 29 U.S.C. § 1132(e)(1).

4. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

5. SERF provides for a benefit in the event of a participant's death, and the written plan document required by 29 U.S.C. § 1102(a)(1) provides in pertinent part as follows:

> Each Employee or former Employee may designate a primary beneficiary or beneficiaries and a contingent beneficiary or beneficiaries to receive any benefit that may be come payable under this Plan by reason of the Employee's death, but

1

only when such payment is not otherwise payable to the Participant's surviving spouse in accordance with the provisions of Section 5.1 hereof. Such designation shall be made upon forms furnished by the Trustees, and may at any time and from time to time be changed or revoked without notice to the beneficiary or beneficiaries, or if all those so designated predecease him then the Employee shall be deemed to have designated: (a) his surviving spouse; or if none (b) his surviving children, in equal shares; or if none (c) his surviving parents, in equal shares; or if none (d) his surviving brothers and sisters, in equal shares, or if none (e) his estate; in that order of priority, as his beneficiary.

6. At the time of his death on 1/10/2018, Donald Graham Lawhorne, Jr. (Lawhorne) was a resident of Indiana and was a participant in SERF as that term is defined in ERISA at 29 U.S.C. § 1002(7).

7. In 2015, Lawhorne designated a primary beneficiary and a contingent beneficiary. The primary beneficiary was stated to be "Christy Bender – Christina Girlfriend." The contingent beneficiary was stated to be "Camryn Lawhorne Daughter."

8. Upon information and belief, the death of Lawhorne in 2018 was caused by a self-inflicted gunshot wound on 1/10/18 at his "Girlfriend's Residence."

9. Upon information and belief, "Christina Girlfriend" is not the same girlfriend at whose residence participant Lawhorne died, as "Christy Bender – Christina Girlfriend" and Lawhorne parted ways several years ago and she married someone else in June 2017 and is known by her married name, Christina Gruel.

10. Following the death of Lawhorne, Gruel applied to SERF for the death benefit, indicating her status was "ex-girlfriend."

11. Following the death of Lawhorne, a representative of Camryn Lawhorne contested the entitlement of Gruel to the death benefit, stating in pertinent part: "Please accept this notification that the family of Donald Graham (Buddy) Lawhorne is contesting the beneficiary of his pension plan. Christie is a former girlfriend from several years back and has

{001125/18140/00449667.DOCX / Ver.1}    Case 3:18-cv-00585   Document 1   Filed 06/26/18   Page 2 of 5 PageID #: 10

no right to Buddy's pension. She is a known meth addict who pressured Buddy to name her as beneficiary when they dated in the past. …"

12. SERF, through its administrative staff, denied the application of Gruel, stating the basis for the denial in pertinent part as follows:

> This is to advise that your application for pre-retirement death benefit as beneficiary of Donald Graham Lawhorne, Jr. is denied. The application was received in our office on February 16, 2018, and describes your relationship to participant as "Ex-Girlfriend". The denial of your application is based upon the following.
>
> A beneficiary designation signed in February 2015 by participant Lawhorn [sic] identified the beneficiary as "Christy Bender-Christina Girlfriend". Participant Lawhorn [sic] died from a self-inflected gunshot wound on 1/10/18 at his "Girlfriend's Residence". This is from the death certificate.
>
> It is evident "Christina Girlfriend" is not the same girlfriend at whose residence participant Lawhorn [sic] died, as "Christy Bender-Christina Girlfriend" and participant Lawhorn [sic] parted ways several years ago. You married someone else in June 2017 and are now known by your married name, Christina Gruel. It is in this name you applied for the benefit as "Ex-Girlfriend."
>
> The beneficiary designation card signed by Lawhorn [sic] did not suggest the beneficiary was to be an ex-girlfriend. We have determined administratively that Lawhorn [sic] intended beneficiary was "Christina Girlfriend," a status which changed when you and participant Lawhorn [sic] parted ways and, more particularly, when you married someone else. A review of circumstances existing at the time the designation of beneficiary was signed in February 2015, and the words used are given their ordinary meaning. Simply stated, this means the intention of participant Lawhorn [sic] was to designate you-his girlfriend at the time in February 2015-as beneficiary, but with an awareness that if your status as girlfriend changed, you would not be the beneficiary.
>
> The words "Christina Girlfriend" are not descriptive of a person, but the status of a person. The status is a contingency which an [sic] change with circumstances. For example, here the status did change when you married someone else. The term girlfriend is not an unusual word to use in describing the status of a person, and it is not an inept word. The meaning is clear and refers to a condition or circumstance that can be altered. The term suggests participate [sic] Lawhorn [sic] intended you to be the beneficiary so long as you were his girlfriend, but not after that status changed.
>
> Here, you-as Christina Gruel-lost your status as "girlfriend" at the latest, when you married. The application for the death benefit describing your relationship to

3

participant Lawhorn [sic] as "Ex-Girlfriend" is consistent with this changed status. As a result, your application is denied.

13. Thereafter, Gruel, acting through counsel, appealed the determination by the SERF administrative staff, and the appeal is attached as **Exhibit A** to this complaint, incorporated by reference under Fed. R. Civ. P. 10(c).

14. The appeal of Gruel was referred to the SERF Investment Review Committee, which performs such duties, functions and responsibilities as may be delegated or assigned by the Board of Trustees of SERF. The duties, functions and responsibilities of the Investment Review Committee include deciding appeals such as that filed by Gruel.

15. The Investment Review Committee, in its sole discretion, is authorized to determine all questions concerning the construction and interpretation of the written plan document quoted in paragraph 6 above, and is also authorized to determine, in its sole discretion, any disputed facts relevant to exercise of its discretion.

16. At a meeting on 6/1/2018, the Investment Review Committee considered the appeal of Gruel and affirmed the construction and interpretation of the written plan document and facts as had been determined by the administrative staff and quoted above at paragraph 12. The Investment Review Committee decided to neither grant nor deny the appeal of Gruel, but rather, directed that this civil action be filed to determine whether Gruel or Camryn Lawhorne is entitled to the death benefit owing due to the death of Lawhorne.

17. Given the factors stated above, SERF is in doubt as to which party should receive the death benefit owing due to the death of Lawhorne.

18. SERF is prepared to pay the proper amount to whichever party the Court deems entitled to receive the death benefit.

4

19. Payment of a death benefit by SERF to the incorrect party would expose it to multiple and inconsistent liability.

20. SERF asks the Court to declare the rights of Gruel and Camryn Lawhorne with respect to the death benefit owing due to the death of Lawhorne.

Wherefore, SERF requests the Court to enter an order declaring the rights and interests of Gruel and Camryn Lawhorne to the death benefit, and the Court is requested to award attorney fees and costs to SERF, and any other relief to which the Court deems necessary or appropriate.

Respectfully submitted,

s/R. Jan Jennings
R. Jan Jennings, BPR No. 1536
Karla M. Campbell, BPR No. 027132
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN  37203
Tel. (615) 254-8801
Email:  janj@bsjfirm.com
           karlac@bsjfirm.com